United States District Court
Southern District of Texas
ENTERED

APR 1 2 2004

Michael N. Milby, Clerk of Court
By Deputy Clerk

United States District Court
Southern District of Texas
FILED

APR 1 2 2004

Michael N. Milby, Clerk of Court

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| DIONEL DE LA CRUZ,<br>Plaintiff,<br><br>v.<br><br>WILLETTE AND GUERRA, L.L.P.,<br>Defendant. | § § § § § § § | CIVIL ACTION NO. M-03-324 |

| | | |
|---|---|---|
| DIONEL DE LA CRUZ,<br>Plaintiff,<br><br>v.<br><br>LOWER RIO GRANDE VALLEY<br>DEVELOPMENT COUNCIL,<br>Defendant. | § § § § § § § § § | CIVIL ACTION NO. M-03-325 |

| | | |
|---|---|---|
| DIONEL DE LA CRUZ,<br>Plaintiff,<br><br>v.<br><br>ANNA HERNANDEZ and LOWER RIO<br>GRANDE VALLEY DEVELOPMENT<br>COUNCIL,<br>Defendants. | § § § § § § § § § | CIVIL ACTION NO. M-03-326 |

| | | |
|---|---|---|
| DIONEL DE LA CRUZ,<br>Plaintiff,<br><br>v.<br><br>ELIZABETH NEALLY and ROERIG,<br>OLIVEIRA AND FISHER, L.L.P.,<br>Defendants. | § § § § § § § § § | CIVIL ACTION NO. M-03-327 |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Dionel de la Cruz has filed a series of complaints with the court, all of which are putatively based on 42 U.S.C. § 1983 and stem from previously filed civil actions. In short, Plaintiff de la Cruz alleges that the assorted defendants violated his rights by presenting false facts and evidence at various levels of the federal court system during prior proceedings.[1] For the following reasons, this Court recommends that the above-referenced civil actions be consolidated; furthermore, the Court also recommends that the consolidated actions be dismissed, sua sponte, for failing to state a claim upon which relief can be granted.

## BACKGROUND

The Court would like to preface any discussion of the Plaintiff's claims by noting that de la Cruz has a history of notorious dealings, both with the federal court system in general and with the Southern District of Texas in particular. A records search indicates that Dionel de la Cruz is the named Plantiff in thirty-four (34) cases in this district (Webdock Search, United States District Court for the Southern District of Texas, Party Search, Civil, "de la cruz, dionel," April 6, 2004). The named defendants range from a local university to members of the state bar. Even the esteemed Chief Judge of the Fifth Circuit Court of Appeals, Judge King, has been named in one of de la Cruz's suits.

In addition to his history of litigiousness, de la Cruz has been subjected to a series of admonishments and sanction warnings by various courts. *See, e.g., De La Cruz v. Univ. of Texas*

---

[1] In addition to claiming that the defendant submitted false facts to the courts, in Civil Action M-03-327, de la Cruz also alleges that Defendant Elizabeth G. Neally violated his due process rights by failing to observe the Federal Rules of Civil Procedure during discovery in Civil Action No. M-00-269.

2

*Pan Am*, 03-41054 (5th Cir. Feb. 12, 2004) (order of USCA dismissing appeal as frivolous and warning that future frivolous filings will result in sanctions); *see also De La Cruz v. Jones*, Misc. No. M-01-15 (district judge's order enjoining de la Cruz from filing any court documents without leave of court). With that backdrop set, the Court now turns to the cases currently at issue.

As previously noted, the cases before the Court share a common thematic thread: the several named defendants were all previously involved –either as parties or as opposing counsel– in suits filed by de la Cruz. Furthermore, the cases are all based on de la Cruz's contention that the defendants submitted false facts during previously litigated cases.

Interestingly, Plaintiff has, in the past, attempted to file a series of complaints based on the same general premise that the cases currently before the court are based upon. In *De La Cruz v. Jones, et al*, Misc. Action No. M-02-053, the district court consolidated four cases[2] that were similar –both in substance and in terms of their relationships to one another– to the cases sub judice.[3] After being consolidated, those cases were dismissed for failing to state a claim upon which relief could be granted. *See De La Cruz v. Jones*, Misc. No. M-01-15, Docket No. 9. Plaintiff de la Cruz's appeal of those –and other– consolidated cases was recently dismissed as frivolous. *See De La Cruz v. Univ. of Texas Pan Am*, 03-41054 (5th Cir. Feb. 12, 2004). Accordingly, though the results of Plaintiff's previously adjudicated cases are not dispositive regarding the cases sub judice, they do suggest that, because of the similarities between the

---

[2] 7:01mc015; 7:01mc016; 7:01mc023; and 7:02mc005.

[3] For a discussion of the previously adjudicated cases that were similar to the ones herein being considered, *see De La Cruz v. Jones*, Misc. No. M-01-15, Docket No. 9 (order of dismissal consolidating and dismissing cases 7:01mc015; 7:01mc016; 7:01mc023; and 7:02mc005 for failing to state a claim upon which relief could be granted).

various cases, de la Cruz's efforts in furtherance of these claims may be little more than a thinly-veiled attempt to pursue causes of action that have previously been deemed frivolous.[4]

**DISCUSSION**

As noted above, Plaintiff de la Cruz has framed his various complaints as involving claims arising under 42 U.S.C. § 1983. Section 1983 creates a cause of action against any person who, under color of state law, causes another to be deprived of a federal right. *Bush v. Viterna*, 795 F.2d 1203, 1208 (5th Cir. 1986); *see also* 42 U.S.C. § 1983. Therefore, in order "[t]o state a cause of action under § 1983, [the Plaintiff] must allege that some person, acting under state or territorial law, has deprived him of a federal right." *Cinel v. Connick*, 15 F.3d 1338, 1342 (5th Cir. 1994) (citations omitted). Furthermore, in order for a private party to be found liable under § 1983, the Plaintiff must allege and prove that the citizen conspired with or acted in concert with state actors. *Mylett v. Jeane*, 879 F.2d 1272, 1275 (5th Cir. 1989) (citing *Adickes v. S. Kress Co.*, 398 U.S. 144, 90 S.Ct. 1958, 26 L.Ed.2d 142 (1970)).

The Court notes that any allegations of state action are notoriously absent from Plaintiff's various complaints. At no time does Plaintiff allege any acts by any defendants involving state law; furthermore, he in no way asserts that any of the private parties he is attempting to sue have acted in concert with state actors. In addition, Plaintiff's assertions regarding the federal rights he

---

[4] Despite this Court's conclusion that the previously adjudicated cases are not dispositive of the cases currently at bar, it is worth noting that in the district court's order regarding the consolidated causes of action the court specifically noted, when dismissing the various cases with prejudice, that "plaintiff may not file another lawsuit concerning the same subject matter." *De La Cruz v. Jones*, Misc. No. 01-15, Docket No. 9 (order of dismissal consolidating and dismissing cases 7:01mc015; 7:01mc016; 7:01mc023; and 7:02mc005).

was allegedly deprived of are presented in a vague and conclusory manner.[5] Although pro se complaints and arguments must be liberally construed, *see Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir.1994), a plaintiff in a 42 U.S.C. § 1983 action must plead specific facts, not "conclusory allegations." *See Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995) (en banc); *Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995); *Arnaud v. Odom*, 870 F.2d 304, 307 (5th Cir. 1989).

Given the above discussion, it appears that Plaintiff has failed to assert any claims that are cognizable in a § 1983 cause of action. Furthermore, given that Plaintiff's similar, previously-filed claims were dismissed for failing to state a claim and then deemed frivolous on appeal, this Court needs little doctrinal guidance in order to reach the conclusion that de la Cruz's various complaints lack merit.[6]

A district court may sua sponte dismiss a complaint for failure to state a claim. *See Guthrie v. Tifco Indus.*, 941 F.2d 374, 379 (5th Cir.1991), *cert. denied*, 503 U.S. 908, 112 S.Ct. 1267, 117 L.Ed.2d 495 (1992); *Small Engine Shop, Inc. v. Cascio*, 878 F.2d 883, 887 (5th Cir. 1989); *Shawnee Int'l, N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir.1984); *see also Lewis v. Law-Yone*, 813 F.Supp. 1247 (N.D.Tex. 1993) (dismissing § 1983 cause of action sua sponte for failure to state claim on which relief can be granted). Such action seems appropriate given the circumstances surrounding these cases and the nature of the stated claims.

---

[5] Furthermore, the court can conceive of no circumstances under which Plaintiff's assertion regarding Elizabeth Neally's alleged failure to observe the federal rules of civil procedure during discovery could give rise to a constitutional claim. *See* Misc. No. M-03-327.

[6] The Court would like to note that the Fifth Circuit panel in *De La Cruz v. Univ. of Texas Pan Am*, 03-41054 (5th Cir. Feb. 12, 2004), specifically noted that "[t]he dismissal of the suits against a defendant from de la Cruz's prior discrimination case and an attorney from that case . . . was not error." Though the Court of Appeals was addressing de la Cruz's previously-filed causes of action, this Court is confidant that the cases sub judice deserve and should receive similar treatment.

With respect to the several cases sub judice, judicial efficiency and the interests of reducing expense and delay for the parties warrant early intervention in order to narrow the issues so that claims without any potential for success do not proceed toward trial. *See Shawnee Int'l, N.V.*, 742 F.2d at 236. Upon review of the four cases at issue, the court has determined that each complaint fails to state a claim upon which relief could be granted under § 1983, and that the alleged § 1983 causes of action should be dismissed. *See Lewis v. Law-Yone*, 813 F.Supp. 1247 (N.D.Tex. 1993); *see also Guthrie*, 941 F.2d at 379.

## RECOMMENDATION

Because of the similarities between the four cases at issue, as discussed above in detail, this Court RECOMMENDS that Civil Actions M-03-324, M-03-325, M-03-325, and M-03-327 be CONSOLIDATED into Civil Action No. M-03-324. Furthermore, for the aforementioned reasons, this Court further RECOMMENDS that the consolidated cases be DISMISSED sua sponte for failure to state a claim. In addition, due to Plaintiff's insistence on pursuing unmeritorious claims, this Court also RECOMMENDS that the Plaintiff be REPRIMANDED and CAUTIONED that any future frivolous filings will invite the imposition of sanctions.

## NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from

a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

DONE at Brownsville, Texas this 6th day of April, 2004.

                                                Felix Recio
                                      United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| DIONEL DE LA CRUZ,<br>Plaintiff,<br><br>v.<br><br>WILLETTE AND GUERRA, L.L.P.,<br>Defendant. | § § § § § § § § | CIVIL ACTION NO. M-03-324 |
| DIONEL DE LA CRUZ,<br>Plaintiff,<br><br>v.<br><br>LOWER RIO GRANDE VALLEY<br>DEVELOPMENT COUNCIL,<br>Defendant. | § § § § § § § § § | CIVIL ACTION NO. M-03-325 |
| DIONEL DE LA CRUZ,<br>Plaintiff,<br><br>v.<br><br>ANNA HERNANDEZ and LOWER RIO<br>GRANDE VALLEY DEVELOPMENT<br>COUNCIL,<br>Defendants. | § § § § § § § § § | CIVIL ACTION NO. M-03-326 |
| DIONEL DE LA CRUZ,<br>Plaintiff,<br><br>v.<br><br>ELIZABETH NEALLY and ROERIG,<br>OLIVEIRA AND FISHER, L.L.P.,<br>Defendants. | § § § § § § § § § | CIVIL ACTION NO. M-03-327 |

1

## ORDER ADOPTING THE
## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the Court is the Magistrate Judge's Report and Recommendation regarding the above-referenced causes of action. After a de novo review of the file, the Magistrate Judge's Report and Recommendation is hereby ADOPTED. Accordingly:

a. Civil Actions M-03-324, M-03-325, M-03-326, and M-03-327 are hereby CONSOLIDATED into Civil Action No. M-03-324;
b. The consolidated cases are hereby DISMISSED sua sponte based on their failure to state a claim upon which relief can be granted;
c. The Plaintiff is hereby REPRIMANDED for his insistence on continually abusing the federal court system; and
d. The Plaintiff is CAUTIONED that any future frivolous filings will invite the imposition of sanctions.

IT IS SO ORDERED.

DONE in McAllen, Texas on this _____ day of _____, 2004.


                                                         Ricardo H. Hinojosa
                                                         United States District Judge